**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-05704 |
| | ) | |
| CLIENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CLIENT SERVICES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     Introduction and Summary**

Plaintiff pursues this claim alleging that a settlement offer sent to her by Defendant Client Services, Inc. ("Client Services") was in violation of the Fair Debt Collection Practices Act ("FDCPA") in that Client Services "presented a false date of expiration on an offer of settlement." *See* Complaint [Doc. 1], ¶ 33-34. However, the letters attached to her Complaint do not support her allegations, and the multiple, consistent holdings of this Court and other federal courts have repeatedly rejected the same type of claims that Plaintiff asserts in her Complaint. Even accepting as true all of the Complaint's factual allegations and drawing all reasonable inferences in Plaintiff's favor, particularly given the content of the letters, which were attached to the Complaint, Plaintiff has simply failed to state a claim that Client Services committed any violation of the FDCPA. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For these reasons, Client Services asks this Court to dismiss Plaintiff's Complaint *with prejudice*.

1

## II. Factual Background

In her Complaint, Plaintiff alleges she received a letter from Client Services dated June 20, 2017 (hereinafter "the First Letter")[1] that contained a settlement offer. *See* Complaint, ¶¶ 13-16. The First Letter stated in relevant part the following:

> We are offering you a settlement amount of $993.00, to settle this MACY'S account for less than balance due. This offer is valid until 7/10/2017. If payment of the offered settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. If you are unable to pay the offered settlement amount by this due date, please contact our office for alternative payment options which may be available to you.

*See* Complaint, Exhibit B.

Plaintiff alleges that on July 18, 2017, she received another letter from Client Services (hereinafter "the Second Letter")[2] containing the same settlement offer that was made in the First Letter. *See* Complaint, ¶ 19. Because the same settlement offer was made in the Second Letter, Plaintiff alleges that the statement in the First Letter that the offer "is valid until 7/10/2017" was false. Complaint, ¶ 20. Plaintiff also alleges that Client Services "used unconscionable means to collect a debt . . . when it used a false expiration date to attempt to coerce Plaintiff into making a payment arrangement on an alleged debt." Based upon these base conclusions, Plaintiff contends that Client Services violated 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f. *See* Complaint, ¶¶ 24-26.

As is outlined below, Plaintiff's interpretation of the First Letter is an objectively unreasonable reading of it, and the claims made by Plaintiff have no basis in the very exhibit attached by Plaintiff in support of her Complaint. Numerous courts have looked at almost

---

[1] The First Letter is attached as Exhibit B to the Complaint.
[2] The Second Letter is attached as Exhibit C to the Complaint.

2

identical claims involving similar letters and concluded that the debt collector's inclusion of an expiration date on a settlement offer in these circumstances is not a false statement.

### III. Argument

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal if a plaintiff fails to state a claim upon which relief can be granted. Legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss. *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015). A plaintiff need not provide detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Thus, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

With respect to allegations of violations of the FDCPA contained in a letter, as here, "Claims brought under the Fair Debt Collection Practices Act are evaluated under the objective "unsophisticated consumer" standard. *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 273 (7th Cir. 2014). The Seventh Circuit Court of Appeals has found that "[a]n unsophisticated consumer is not a "completely ignorant" consumer. Rather, he "possesses rudimentary knowledge about the financial world . . . [as well as] reasonable intelligence." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). Further, "if it is apparent from a reading of a [collection] letter that not even a significant fraction of the population would be misled by it – if… the interpretation attested to by the plaintiff is a 'fantastic conjecture' – the court should reject it without requiring evidence beyond the letter itself." *Taylor*, 365 F.3d at 574-75 (citation omitted); *White v. Goodman*, 200 F.3d 1016, 1020

3

(7th Cir. 2000) (noting that any document can be misread and the FDCPA is not violated by a dunning letter that is susceptible to "an ingenious misreading"); *see also Velazquez v. Fair Collections & Outsourcing, Inc.*, No. 12 C 04209; 2013 WL 4659564 (N.D. Ill. Aug. 30, 2013) (dismissing claim on motion to dismiss where the letter was clear on its face). Indeed, even where a plaintiff swears under oath that he was misled by a collections letter (a fact we don't yet have here), the case can only be maintained where a "judge reading the letter reasonably concludes that it could well confuse a substantial number of recipients." *Taylor*, 365 F.3d at 575. Finally, where a Plaintiff argues that a statement was false, as opposed to merely misleading or deceptive, the only question is whether the statement was, in fact, false. *See Gully v. Arrow Financial Services, LLC*, Case No. 04-C-6849, 2006 WL 3486815, *1 (N.D. Ill. Dec. 1, 2006).

Thus, the case law clearly indicates that where a violation of the FDCPA is alleged regarding a collection letter, the Court can effectively serve as a gatekeeper in order to make an initial determination as to whether anyone reasonably could be misled by that letter or if the letter contains a false statement on its face. This is especially true if a consumer, as is the case here, requests the Court to read a letter in a bizarre or idiosyncratic fashion. If the answer to whether or not consumers will be misled by a letter is "no", then the Court must dismiss the case for failure to state a claim under Rule 12(b)(6). In her Complaint, Plaintiff alleges Client Services violated 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f. Because Plaintiff cannot establish that the stated expiration date of the settlement offer in the First Letter was false, her Complaint should be dismissed as a matter of law.

Numerous courts in this Circuit have rejected the same claims being made by Plaintiff in her Complaint—namely, that providing an expiration date for a settlement offer is not a violation of the FDCPA even if the debt collector is still willing to extend the same settlement terms after

the expiration date. *See Hernandez v. AFNI, Inc.*, 428 F. Supp. 2d 776 (N.D. Ill. 2006); *Gully v. Arrow Financial Services, LLC*, Case No. 04-C-6849, 2006 WL 3486815, *1 (N.D. Ill. Dec. 1, 2006); *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766 (N.D. Ill. 2005); *Jackson v. Midland Credit Management, Inc.*, 445 F. Supp. 2d 1015 (N.D. Ill. 2006). Specifically, "while a debt collector cannot state falsely that the current offer is the only one that will be available, the debt collector need not reveal that another offer will be forthcoming if the debtor does not settle for the terms of the current offer." *Arrow Financial*, 2006 WL 3486815, at *3.

In *Arrow Financial*, the debt collector sent letters to the debtors with a settlement offer that stated the "settlement amount must be made in one payment and received by our office on or before [date]." *Arrow Financial*, 2006 WL 3486815, at *3. The plaintiffs there argued that the statement was false because the debt collector was allowed after a written offer had expired to settle a debt on the same, or even more favorable, terms as the expired offer. *Id.* The court held that the statement was not false and was not a violation of the FDCPA, because

> Defendant's settlement letters to Plaintiffs did not misrepresent Defendant's settlement authority. The letters did not represent that no future settlement offers would be available. Instead, the letter represented an amount that Capitol One was willing to settle the account for "at this time," without representing that the settlement amount, or more favorable terms, would not be accepted now or in the future. Because Defendant's sin is one of omission, not misrepresentation, its settlement statements are not actionable as false under the FDCPA.

*Id.* at *4 (internal citations omitted).

In *Van Ru Credit Corp.*, the debt collector sent a letter to the plaintiff stating the following:

> We are authorized to settle your account with the above client which, as of the date of this letter, is $796.87 for the sum of $318.75, provided this sum is received by [defendant] by November 11, 2003.
>
> The offer automatically will be revoked if your payment is not received by November 11, 2003.

*Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 768 (N.D. Ill. 2005). The district court concluded that " a settlement offer that states the proposed discount and the length of the offer, but does not expressly nor implicitly indicate that no other offer will be made, passes muster even though future more favorable terms are likely." *Id.* at 772. The court rejected the plaintiffs' argument that the stated deadline was "fictitious and meaningless" and unfair to debtors reasoning that

> A deadline is not meaningless simply because a debt collector makes a settlement offer at the same discounted rate contained in the offer preceding the deadline. That deadline still marked the end of the first offer. Plaintiffs further argue that the deadline cajoles debtors into making payments when the debt collector is able to accept less. The problem with that position is that debt collectors are not obligated to make these settlement offers, and debtors are not entitled to receive them. The FDCPA is not violated when a debtor does not settle his outstanding debt for the least amount of money.

*Id.* at 772-73.

In *Hernandez v. AFNI, Inc.*, the debt collector sent a letter to the debtor offering to settle the account for 50% of the balance owed, but the letter also noted that the offer was only valid if payment was received by a specific date. 428 F. Supp. 2d at 777. The plaintiffs in that case asserted that the expiration language was false, because the defendant was willing to settle a debt at the discount offered even if payment is received after the stated due date. *Id.* Just as in the instant case, the plaintiffs in *Hernandez* argued that a debt collector violates the FDCPA when it states that a settlement offer expires on a certain date if the collector will actually settle after the given deadline. *Id.* at 780. The court rejected this argument, holding that the statements in the letters "that the offers will expire on certain dates are not false because they actually expired on those dates, regardless of whether defendant chose to make new offers at a later date." *Id.* at 783.

6

In *Jackson v. Midland Credit Management, Inc.*, the debt collector sent a letter to the plaintiff with a settlement offer that required payment be received by the debt collector by a certain date. 445 F. Supp. 2d at 1017. The plaintiff in *Jackson* argued that the letter is actually false because the letters implied that the defendant is offering a "one time only deal" when the reality is that the defendant is willing to make this same deal in the future. *Id.* at 1019. The court held "that there is no FDCPA violation on the face of the letter" and noted that "although there is no controlling decision from the United States Court of Appeals for the Seventh Circuit on this type of letter, the plaintiffs' arguments conflict with the decisions of almost every court, including every district court in this Circuit, to consider this type of letter." *Id.* (string citation omitted).

In *Sarder v. Academy Collection Service, Inc.*, Case No. 02-CV-2486, 2005 WL 615831 (E.D.N.Y. Mar. 3, 2005), the court summarized the claim being made by the plaintiff as follows:

> The plaintiff argues that the least sophisticated consumer would read the first letter, which states that the settlement offer of $6,447.42 would expire on March 2, 2002, as the final offer and the final date past which any settlement whatsoever would be accepted by the collection agency. The plaintiff contends that by issuing a second letter on March 5, 2002, after the expiration of the first deadline, offering to settle for a lower amount than that provided in the first letter, the settlement offer in the first letter becomes deceptive.

*Id.* at *2. Rejecting the plaintiff's argument, the court reasoned that there is no indication in the letter that the defendant would not settle after the stated expiration date. *Id.* at *3. In addition, the court noted that the letter "offered the plaintiff the alternative to indicate that she could not settle for the offered amount and that she desired the agency to call her to discuss her account." *Id.* Thus, "the plain language provides, even to the least sophisticated consumer, that there is potential for negotiation of both the price and the

7

Case: 1:17-cv-05704 Document #: 11 Filed: 09/21/17 Page 8 of 10 PageID #:35

date [and] the first letter, therefore, is not deceptive in any way and does not violate the FDCPA." *Id.*

In holding that settlement offers with expiration dates are not deceptive, courts have pointed out that an opposite finding would have the adverse effect of deterring debt collectors from making settlement offers. *See Sarder*, 2005 WL 615831, at *3; *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 773 (N.D. Ill. 2005) (explaining that under the plaintiffs' argument a settlement offer would be false and misleading unless it was the best possible offer left open for the longest period of time, which would be a result contrary to the FDCPA's policy of encouraging the settlements of outstanding debts).

Here, as in the above-cited cases, all of the statements in the First Letter are factually true. Client Services offered a discounted amount of $993.00 (from a balance due of $1,418.41) and stated that the offer would be valid until July 10, 2017. Just because a subsequent offer was made on the same terms, does not change the fact that the offer in the First Letter expired on July 10, 2017. Nothing in the First Letter indicated that the settlement offer was a one-time offer or that Client Services would not be making any future settlement offers. In fact, just as in the *Sarden* case, the First Letter invited Plaintiff to contact Client Services for alternative payment options if she was unable to pay the settlement amount by the expiration date. If sending a second settlement offer after the expiration of a first settlement offer exposed debt collectors such as Client Services to liability, debt collectors would be hesitant to make settlement offers to debtors, frustrating the FDCPA's policy of encouraging settlements.

Because it is clear from the face of the First Letter that it does not contain any false statement, the Complaint should be dismissed *with prejudice*. As noted above, the Court is not bound to merely rely on the self-serving assertions of Plaintiff, especially those with no basis in

8

fact. Instead, in cases such as this, the First Letter should be reviewed by the Court, in order to test the sufficiency of Plaintiff's Complaint. Per the Seventh Circuit Court of Appeals, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Any reasonable reading of the First Letter by the Court will confirm that none of Plaintiff's claims made under 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f are true as there is simply no violation of the FDCPA for placing an expiration date on a settlement offer even if the debt collector intends to make the same settlement offer in the future. Therefore, each of Plaintiff's claims should be dismissed *with prejudice.*

## IV. Conclusion

For the reasons outlined herein, Client Services respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety based upon Rule 12(b)(6). The dearth of any factual allegations and this Court's review of the First Letter and Second Letter should demonstrate, as a matter of law, that Client Services has not violated the Fair Debt Collections Practices Act.

September 21, 2017                                        Respectfully Submitted,

By: /s/ *Daniel E. Tranen*
Daniel E. Tranen, Esq., #6244878
WILSON ELSER MOSKOWITZ
   EDELMAN & DICKER LLP
101 West Vandalia Street, Suite 220
Edwardsville, Illinois 62025
Phone: (618) 307-4895
Email: daniel.tranen@wilsonelser.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on **September 21, 2017**, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification, including the following:

Michael J. Wood
Celetha C. Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

/s/ *Daniel E. Tranen*