UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN TAYLOR, | ) | |
| | ) | Civil Action No. 17-cv-05704 |
| Plaintiff, | ) | |
| | ) | Hon. Judge John J. Tharp |
| v. | ) | |
| | ) | Magistrate Judge Young B. Kim |
| CLIENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, KATHLEEN TAYLOR, by and through her attorneys at Community Lawyer's Group, Ltd., and for her Response to Defendant, CLIENT SERVICES, INC.'s ("CSI"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**INTRODUCTION**

Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Department Stores National Bank consumer credit card account ("alleged debt"). (Complaint, Doc. #1, ¶10). Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default. (Complaint, Doc. #1, ¶11). CSI then began collecting the alleged debt, and on or about June 20, 2017, CSI sent a collection letter ("First Letter") to Plaintiff regarding the alleged debt. (Complaint, Doc. #1, ¶¶12-13) (Complaint, Doc. #1, Exhibit B). The First Letter offered to settle Plaintiff's account if Plaintiff paid $993.00 by July 10, 2017. Specifically, the relevant section of the First Letter states:

> We are offering you a settlement offer amount of $993.00, to settle this
> MACY'S account for less than balance due. This offer is valid until
> 7/10/2017. If the payment of the offered settlement offer is not received in

1

> our office by this date, this offer will be withdrawn and deemed null and void. We are not obligated to renew this offer.

(Complaint, Doc. #1, Exhibit B).

Plaintiff believed, as the unsophisticated consumer would believe, that the offer would indeed expire on July 10, 2017. (Complaint, Doc. #1, ¶18). *However*, on or about July 18, 2017, CSI sent another letter ("Second Letter") making the *same* settlement offer. (Complaint, Doc. #1, Exhibit C). Therefore, CSI's statement in the First Letter that the original offer would expire on July 10, 2017 was a false statement in violation of §§ 1692(e)(5), (10) and 1692f of the FDCPA.

In its Motion to Dismiss, CSI argues that "just because a subsequent offer was made on the same terms, does not change the fact that the offer in the First Letter expired on July 10, 2017." (Motion, Doc. #11, p. 8). However, because the terms of the offer were the same, it would not be unreasonable for the unsophisticated consumer to not realize that the offer had in fact expired and been renewed. The expiration date was a false statement made to coerce Plaintiff into quickly accepting the settlement offer out of fear that it would no longer be available to her.

As will be shown below, Plaintiff's interpretation of the First Letter is an objectively reasonable reading of it, and she has pled facts sufficient to survive CSI's Motion to Dismiss. Thus, Plaintiff respectfully requests this Court deny CSI's Motion.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See*

> our office by this date, this offer will be withdrawn and deemed null and void. We are not obligated to renew this offer.

(Complaint, Doc. #1, Exhibit B).

Plaintiff believed, as the unsophisticated consumer would believe, that the offer would indeed expire on July 10, 2017. (Complaint, Doc. #1, ¶18). *However*, on or about July 18, 2017, CSI sent another letter ("Second Letter") making the *same* settlement offer. (Complaint, Doc. #1, Exhibit C). Therefore, CSI's statement in the First Letter that the original offer would expire on July 10, 2017 was a false statement in violation of §§ 1692(e)(5), (10) and 1692f of the FDCPA.

In its Motion to Dismiss, CSI argues that "just because a subsequent offer was made on the same terms, does not change the fact that the offer in the First Letter expired on July 10, 2017." (Motion, Doc. #11, p. 8). However, because the terms of the offer were the same, it would not be unreasonable for the unsophisticated consumer to not realize that the offer had in fact expired and been renewed. The expiration date was a false statement made to coerce Plaintiff into quickly accepting the settlement offer out of fear that it would no longer be available to her.

As will be shown below, Plaintiff's interpretation of the First Letter is an objectively reasonable reading of it, and she has pled facts sufficient to survive CSI's Motion to Dismiss. Thus, Plaintiff respectfully requests this Court deny CSI's Motion.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See*

*Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995). "District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint *without* prejudice and give the plaintiff at least one opportunity to amend her complaint." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (emphasis added).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009). With respect to allegations of violations of the FDCPA contained in a letter, as here, "claims brought under the [FDCPA] are evaluated under the objective 'unsophisticated consumer' standard." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 743 (7th Cir. 2014). When ruling on a 12(b)(6) motion, the Seventh Circuit has "cautioned that a district


court must tread carefully before holding that a letter is not confusing as a matter of law . . . because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501-03 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *Id.*, quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

## ARGUMENT

**I. Plaintiff has Pled Facts Sufficient to Show CSI Falsely Stated the Expiration of the Settlement Offer in Violation of 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.**

The FDCPA prohibits false statements in connection with the attempt to collect a debt. 15 U.S.C. § 1692e(5), (10) of the FDCPA provides:

> False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

CSI used unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it used a false expiration date to attempt to coerce Plaintiff into making a payment arrangement on the alleged debt. 15 U.S.C. § 1692f of the FDCPA provides:

> Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

4

CSI knew at the time it sent the First Letter that the settlement offer was not going to expire when it claimed it would; thus, CSI made a false statement and threatened an action that it did not intend to take, in violation of the FDCPA. The date of expiration on the offer of settlement in the First Letter was false because the Second Letter presented the same settlement offer with a new expiration date, but Plaintiff, as an unsophisticated consumer would be drawn to take the First Letter at face value. *See, e.g., Cuenco v. Harris & Harris, Ltd.*, No. 15-CV-05385, unpub. order, Doc. #27, p. 3 (N.D. Ill. Mar. 31, 2017).

In *Goswami v. American Collection Enterprise, Inc.*, the Fifth Circuit Court of Appeals concluded that a settlement letter stating that "only during the next thirty days will our client agree to settle your outstanding balance due with a thirty percent discount off your balance" was false and violated the FDCPA because the debt collector could offer the thirty percent discount after the stated deadline. 377 F.3d 488, 495 (5th Cir. 2004). According to the court, the statement in the letter was untrue and portrayed the debt collector's offer as a "one-time, take-it-or-leave-it offer that would expire in thirty days." *Id.*

Post *Goswami* there was a flurry of litigation across the country addressing how debt collectors may lawfully send settlement letters under the strictures of § 1692e(10). *Hernandez v. Afni, Inc.*, 428 F. Supp. 2d 776, 779. Although litigation on this issue has been less common in the past decade, the body of case law available shows that courts, including within this district, have diverged on the answer. *Id.*

Several courts have held that an unenforced expiration date may constitute a false statement in violation of the FDCPA. *Id.* (*See, e.g., Gully v. Arrow Fin. Servs., LLC*, No. 04 C 6849, 2005 WL 5915789, at *1 (N.D. Ill. June 8, 2005) (Pallmeyer, J.); *Jackson v. National Action Financial Services*, No. 04 C 1805, unpub. order (N.D. Ill. Nov. 10, 2004) (Castillo, J.);

5

*Jones v. Risk Management Alternatives, Inc.*, 2003 WL 21654365 (N.D. Ill. July 11, 2003) (Aspen, J.); *Pleasant v. Risk Management Alternatives, Inc.*, 2003 WL 164227 (N.D. Ill. Jan. 23, 2003) (Coar, J.).

CSI also cites to *Gully v. Arrow Fin. Servs*, but relies on the 2006 motion for summary judgment opinion which requires a different standard than what Plaintiff must satisfy here. (Motion, Doc. #11, p. 5); No. 04-C-6849, 2006 WL 3486815 (N.D. Ill. Dec. 1, 2006). The 2005 opinion addressed the defendant's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, which is evaluated under the same standard applicable to Rule 12(b)(6) motions to dismiss for failure to state a claim. *Arrow Fin. Servs,* 2005 WL 5915789, at *2 (citing *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). Upon consideration of the case law presented by the plaintiff, some of which will also be relied upon by Plaintiff here, the court held that "to the extent that the payment deadlines stated in the letters were not in fact actual deadlines, the letters arguably created a false sense of urgency in an unsophisticated consumer such that they were misleading under the FDCPA," and that "[v]iewing the allegations in light most favorable to [p]laintiff[], the court cannot say that they will be unable to prove any set of facts supporting their claim for relief under the FDCPA." *Id*. at *4, 8 (internal citation omitted).

CSI further relies on *Hernandez v. AFNI, Inc.*, 428 F. Supp. 2d 776 (N.D. Ill. 2006); *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766 (N.D. Ill. 2005); and *Jackson v. Midland Credit Management, Inc.*, 445 F. Supp. 2d 1015 (N.D. Ill. 2006). However, these cases were also decided on motions for summary judgment, and therefore should not be followed by this Court in deciding whether Plaintiff has pled facts sufficient to state a claim upon which relief may be granted.

Finally, CSI relies on *Sarder v. Academy Collection Service, Inc.*, from the United States District Court for the Eastern District of New York, but as noted by the Honorable Judge Rebecca R. Pallmeyer, that opinion is not binding upon this court. *Arrow Fin. Servs.,* 2005 WL 5915789, at *8 ("The court recognizes, further, that two district courts from New York have rejected FDCPA claims based on similar letters. The court is not, however, bound by either decision. . . .").

This court should instead look to cases from this District that have considered (and denied) motions to dismiss; such as, *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02 C 6886, 2003 WL 164227 (N.D. Ill. Jan. 23, 2003) (Coar, J.) and *Jones v. Risk Mgmt. Alternatives, Inc.*, No. 02 C 9392, 2003 WL 21654365 (N.D. Ill. July 11, 2003) (Aspen, J.). In both cases, the defendant debt collector, Risk Management Alternatives, sent letters to the plaintiff debtors offering a "one time settlement" of their debts. In *Pleasant*, the defendant agreed to accept 50% of the total amount due from plaintiff, and in *Jones*, the defendant agreed to accept 75% of the total amount due from plaintiff. *Pleasant,* 2003 WL 164227, at *1; *Jones*, 2003 WL 21654365, at *1. The collection letters in both cases stated that "[i]f settlement amount is not received by the date indicated above, the offer will be null and void . . .". *Id.* The *Pleasant* court denied the defendant's motion to dismiss the FDCPA complaint relying, without elaboration, on plaintiff's allegation that "the 'one time' settlement offer was not, in fact, a 'one time' offer at all." *Id.* The *Jones* court, in turn, granted class certification on the plaintiff's FDCPA claim, noting the plaintiff's allegations that "the offers were neither 'one time' offers nor offers of limited duration" and that "the defendant is 'virtually always ready to settle debts for 75% of the balance or less.'" *Jones*, 2003 WL 21654365, at *1. These cases are applicable here because although the language of the First Letter was different in that there was an expiration date, the fact that the

7

defendants sent the Second Letter renewing the exact same offer nullified the effect of the expiration date and make it apparent that CSI was "virtually always ready to settle debts . . .". *Id.*

In *Jackson v. National Action Financial Servs.*, the defendant debt collector attempted to collect the debt the plaintiff owed to Capital One. No. 04 C 1805, Docket #18, at 1 (N.D. Ill. Nov. 10, 2004) (Castillo, J.). The defendant sent the plaintiff a letter, very similar to the First Letter at issue here, offering to settle his debt for 75% of the total amount due, and stating, in relevant part:

> In order to take advantage of this offer, your payment must be received in our office on or before [December 3, 2003]. . . . In the event that you are unable to make the settlement payment within the time frame indicated, call our office prior to the deadline date. It may be possible to extend the deadline under certain circumstances.

*Id.* Several weeks later, the defendant sent the plaintiff a second letter, this time offering to settle his debt for 50% of the total amount due. *Id.* at 2. The plaintiff filed suit claiming that the letters were false, deceptive, or misleading because the defendant was authorized to give him a 75% discount on his debt at any time. *Id.* The court denied the defendant's motion to dismiss and held that "the qualifying language is itself deceptive because a deadline extension requires an actual deadline." *Id*. at 4.

In *Jackson v. Midland Credit Mgmt. Inc.*, Midland Credit Management, Inc. and MRC Receivables Corporation purchased an outstanding debt owed by the plaintiff to an unidentified third party. No. 04 C 5056, minute order, Docket #8, (N.D. Ill. Oct. 12, 2004). Defendants sent the plaintiff three letters offering a "settlement opportunity" and a "positive and flexible option to resolve" his debt for 50% of the balance due. *Id.* The letters stated that if defendants received the specified payment by a certain date, "we will consider the Account Balance paid in full."

The plaintiff responded with an FDCPA lawsuit, which defendants sought to dismiss. *Id.* The court denied the motion, finding that "[a]n unsophisticated consumer debtor could read the letters and conclude that [defendants were] making a one time only offer and was unwilling to settle the debt at a later date." *Id.* In light of the fact that defendants sent the plaintiff three settlement letters, "the court, drawing all inferences in [the plaintiff's] favor, . . . infers that [defendants] never intended to make a one time offer and therefore [the plaintiff] can bring a claim that the letters were 'false, deceptive or misleading' under the FDCPA." *Id.*

CSI also relies on a later opinion from *Jackson v. Midland Credit Mgmt. Inc.*, in support of its argument that "providing an expiration date for a settlement offer is not a violation of the FDCPA even if the debt collector is still willing to extend the same settlement terms after the expiration date," but this later opinion addresses the defendant's motion for summary judgment and should not be relied upon by this Court in consideration of CSI's Motion to Dismiss. 445 F. Supp. 2d 1015 (N.D. Ill. 2006) (Motion, Doc. #11, pp. 4-5, 7).

The case law relied upon by CSI is inappropriate for the motion before this Court. Plaintiff has stated a plausible claim for relief, and respectfully requests this Court deny CSI's Motion to Dismiss.

**II. Even if Literally True, the Letters are Still Misleading to the Unsophisticated Consumer.**

CSI argues that its letters are literally correct and therefore do not violate the FDCPA. (Motion, Doc. #11, p. 8) ("all of the statements in the First Letter are factually true."; "Because it is clear from the face of the First Letter that it does not contain any false statement, the Complaint should be dismissed with prejudice."). However, case law in this district states that "a letter need not include the words 'one-time offer' in order to give an unsophisticated debtor the impression that he or she will not have another opportunity to make a payment." *Gully v. Van*

9

*Ru Credit Corp.*, 381 F. Supp. 2d 766, 722 (N.D. Ill. 2005). Moreover, the FDCPA "recognizes that literal truth may convey a misleading impression," *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1258 (7th Cir. 1994) (Easterbrook, J., concurring), and "for purposes of § 1692e(5), a threat can be stated in noncommittal terms and still run afoul of the FDCPA." *Haddad v. Midland Funding LLC*, 1:16-cv-03942, unpub.order, Doc. #66 (N.D. Ill. May 1, 2017). For example, in *Gully v. Arrow Fin. Servs., LLC*, the court found that the defendant's "offer of settlement '[a]t this time,' while literally true, arguably suggests that it was a 'one time' offer only," and was therefore misleading. No. 04 C 6849, 2005 WL 5915789, at *7 (N.D. Ill. June 8, 2005); *see, e.g., Sledge v. Sands,* 182 F.R.D. 255, 260 (N.D.Ill.1998) (citing *Gammon,* 27 F.3d at 1258). Here, the First Letter may be true on its face, but it is misleading in light of CSI's subsequent action of sending the Second Letter. Thus, CSI's letters made objectively false statements and created a false sense of urgency by misrepresenting the time in which Plaintiff could accept the settlement offer, in violation of the FDCPA.

In *Cuenca v. Harris & Harris, Ltd.*, this Court concluded that regardless of whether it is formally a threat, a statement that implies a debt holder will take an action it has no intention of taking violates the FDCPA. No. 15-CV-05385, unpub. order, Doc. #27, p. 3 (N.D. Ill. Mar. 31, 2017). The court then discussed the recent Seventh Circuit opinion in *Pantoja v. Portfolio Recovery Assocs., LLC* that "found that 'carefully crafted language' which is 'chosen to obscure' a debt collector's rights is 'the sort of misleading tactic the FDCPA prohibits.'" *Id.* at 4, quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, No. 15-1567, 2017 WL 1160902, at *6 (7th Cir. Mar. 29, 2017). In *Pantoja*, the dunning letter specifically stated the debt collector would not sue the debtor, but used vague language that implied the collector had *chosen* not to sue rather than being time barred from doing so. *Id.*, *Pantoja,* 2017 WL 1160902, at *6. The Seventh

Circuit found this was misleading because "[t]he only reason to use such carefully ambiguous language is the expectation that at least some unsophisticated debtors will misunderstand and will choose to pay . . . debts because they fear the consequences of not doing so." *Id., Pantoja*, 2017 WL 1160902, at *6.

Here, CSI included the expiry date in the First Letter – not because it intended that date to have any effect upon the offer – but because it wanted to capitalize upon Plaintiff's fear of missing an opportunity to pay her alleged debt. The expiry date was a false truth, and was an unconscionable means of collecting a debt, and "[w]hether that implication was in fact misleading is a factual question and thus inappropriate to decide on a motion to dismiss." *Id.*

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny CSI's Motion to Dismiss with prejudice. In the alternative, Plaintiff seeks leave of this Court to amend her complaint.

        Respectfully submitted,

        By: *s/Celetha C. Chatman*
        One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on November 9, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.


**Dated: November 9, 2017**                                    Respectfully submitted,

                                                               By:   /s/ *Celetha Chatman*