**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-CV-05704 |
| | ) | |
| CLIENT SERVICES, INC., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Taylor incurred a debt on a Department Stores National Bank consumer credit card account. Compl. ¶ 10, ECF No. 1. When Taylor was unable to repay the debt, defendant Client Services, Inc. sent Taylor a collection letter. *Id*. ¶ 11-13. The letter, dated June 20, 2017, offered to settle Taylor's account for $993.00. *Id*. ¶ 16. The letter also included the following language: "This offer is valid until 7/10/2017. If the payment of the offered settlement amount is not received in our office by this date, this offer will be withdrawn and deemed null and void. We are not obligated to renew this offer." *Id*. ¶ 17. On July 18, 2017, Client Services sent Taylor another letter making the same settlement offer, this time with an August 7, 2017 expiration date. *Id*. ¶ 19, Ex. C.

Taylor then filed suit, alleging that Client Services violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Specifically, the complaint asserts that the expiration date included in the first collection letter was a false or misleading representation in violation of 15 U.S.C. § 1692e, and constitutes unfair or unconscionable debt collection in violation of 15 U.S.C. § 1692f. Client Services now moves to dismiss.

**DISCUSSION**[1]

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Even if a statement in a dunning letter is false in some technical sense, it does not violate § 1692e unless it would confuse or mislead an unsophisticated consumer." *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018) (internal quotation marks omitted). "The unsophisticated consumer is uninformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Id.* (internal quotation marks omitted). The unsophisticated consumer does not interpret collection letters in "bizarre or idiosyncratic fashion." *Id.* She is not, in other words, "a dimwit." *Id.*

More than ten years ago, in *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007), the Seventh Circuit addressed whether a dunning letter that includes a settlement offer with an expiration date is misleading to the unsophisticated consumer when the offer may subsequently be renewed. The court was concerned that "unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts." *Evory*, 505 F.3d at 775. But the court also considered that "the settlement process would disintegrate if the debt collector had to disclose the consequences of the consumer's rejecting his initial offer." *Id.* If debt collectors were required to say that rejection of initial offers would likely lead to offers to settle

---

[1] As this is a motion to dismiss, the Court accepts all well-pleaded facts as true and construes all inferences in favor of the plaintiff. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634 (7th Cir. 2012).

for lesser amounts in the future, or eventual cessation of the collection in its entirety, there would
"be no point in making offers." *Id*. So the Seventh Circuit struck a balance between the two
concerns, creating safe-harbor language for debt collectors to use when making settlement offers
to debtors:

> [W]e think the present concern can be adequately addressed yet the
> unsophisticated consumer still be protected against receiving a false
> impression of his options by the debt collector's including with the
> offer the following language: "We are not obligated to renew this
> offer." The word "obligated" is strong and even the unsophisticated
> consumer will realize that there is a renewal possibility but that it is
> not assured.

*Id*. at 776.

Here, Client Services' letters to Taylor "contain the exact language deemed to fall within
the safe harbor for debt collectors in *Evory*." *Bass v. Portfolio Recovery Assocs., LLC*, No. 17-cv-
08345, 2018 WL 4005199, at *2 (N.D. Ill. Aug. 22, 2018). Each letter makes a settlement offer to
Taylor, lists an expiration date, and notes that Client Services is "not obligated to renew this offer."
Taylor makes no effort to distinguish *Evory*, an omission perhaps explained (though not excused)
by Client Services' failure to cite *Evory* in its opening brief (or on reply). Even if she did, any
attempt to do so would be fruitless. It is of no moment that Taylor, unlike the *Evory* plaintiffs, was
sent two letters rather than one, as "the Seventh Circuit expressly acknowledged the possibility
that there might be more than one letter sent by the debt collector." *Bass*, 2018 WL 4005199, at
*2 (citing *Evory*'s recognition that debt collectors "frequently renew their offers if the consumer
fails to accept the initial offer").

Indeed, every case addressing expiration dates cited by plaintiff pre-dates *Evory*. *Bass*,
2018 WL 4005199, at *3 (noting that the district court cases cited by plaintiff here—and the
plaintiff in *Bass*, represented by the same counsel—"were all issued prior to the Seventh Circuit's

decision in *Evory* and concerned settlement letters that did not contain safe-harbor language"). Remarkably, plaintiff's response to the motion to dismiss notes that after a 2004 Fifth Circuit decision, "there was a flurry of litigation . . . addressing how debt collectors may lawfully send settlement letters," but "litigation on this issue has been less common in the past decade."[2] Resp. to Mot. to Dismiss 5, ECF No. 20. Plaintiff's counsel fails to recognize that, just maybe, such litigation slowed in this district because the Seventh Circuit definitively resolved the issue in *Evory*.

Taylor also fails to state a claim under 15 U.S.C. § 1692f. Sections 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692f. While § 1692e and § 1692f are not necessarily coterminous, to allow plaintiff's § 1692f count to proceed "would seriously undermine" the delicate balance struck by the Seventh Circuit in *Evory*. *Bass*, 2018 WL 4005199, at *3. *Evory* weighed the need to protect consumers against potential disruption to the settlement process, crafting safe-harbor language designed to achieve both goals. *Id*. Concluding that Client Services' letters violated § 1692f would "create . . . a work-around for the safe harbor" and "would do exactly what the Seventh Circuit said was disruptive to the settlement process." *Id*. Plaintiff's § 1692f theory therefore also fails.

There remains one additional matter to address. Counsel have an ethical obligation to cite controlling authority that is directly on point, even (and especially) when that authority is adverse to their client's position and opposing counsel fails to cite it. Illinois Rule of Professional Conduct

---

[2] The Fifth Circuit opinion, *Goswami v. American Collection Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004), of course predates *Evory* and is therefore of little value. This is doubly so because the letter at issue in *Goswami* did not contain the safe harbor language identified in *Evory*. 377 F.3d at 491.

3.3(a)(2)[3] provides that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." *See also Kraft Chem. Co. v. Salicylates and Chems. Private Ltd.*, No. 14 C 04186, 2014 WL 11127924, at *2 n. 2. Plaintiff's counsels' failure to cite or otherwise disclose *Evory* appears to be an egregious violation of this rule, as well as the implicit certification required by Rule 11 that the claim asserted in the complaint is "warranted by existing law." *Evory* had been on the books for a decade when this case was filed and has been widely cited for its safe harbor language (among other aspects of the opinion); basic legal research should have located the case. But even if they somehow missed the case when doing the research necessary to comply with their obligations under Rule 11 before filing the case, Plaintiff's counsel—who also represented the *Bass* plaintiff—must have been aware of *Evory* by January 10, 2018, at the latest—that is when the *Bass* defendant filed its motion to dismiss relying on *Evory*. *See* N.D. Ill. Case No. 17-cv-08345, ECF No. 13. And Plaintiff's counsel was assuredly aware of *Evory* by March 5, 2018, when they filed a brief in response to the *Bass* defendant's motion to dismiss attempting (to no avail) to distinguish *Evory*. *See* N.D. Ill. Case No. 17-cv-08345, ECF No. 22. Yet at no point in the intervening six months did plaintiff's counsel bring *Evory* to this Court's attention. Plaintiff's counsel are therefore ordered to show cause why they should not be sanctioned for a deliberate failure to disclose adverse controlling authority to this Court.[4] See Fed. R. Civ. P. 11(b)(3); 28 U.S.C. § 1927.

*     *     *

---

[3] *See also* ABA Model Rule of Professional Conduct 3.3(a)(2) and Local Rule 83.50 (making ABA Model Rules and Illinois Rules of Professional Conduct applicable disciplinary rules in this Court).

[4] Plaintiff's counsel staved off sanctions in *Bass* because the court concluded that merely filing the case did not amount to unreasonable and vexatious conduct. 2018 WL 4005199, at *4.

5

For the foregoing reasons, the Court grants the defendant's motion to dismiss with prejudice. Judgment will be entered accordingly.

Dated: September 12, 2018

_____
John J. Tharp, Jr.
United States District Judge

_____

But in this case, unlike *Bass*, plaintiff's counsel filed a complaint unsupported by Seventh Circuit precedent and appear to have deliberately concealed that precedent from the Court in responding to the motion to dismiss.