UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN TAYLOR, | ) | |
| | ) | Civil Action No. 17-cv-05704 |
| Plaintiff, | ) | |
| | ) | Hon. Judge John J. Tharp |
| v. | ) | |
| | ) | Magistrate Judge Young B. Kim |
| CLIENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO RULE TO SHOW CAUSE**

Attorneys Celetha Chatman, and Michael Wood of Community Lawyers Group, Ltd., state the following in response to the Rule to Show Cause issued on September 12, 2018:

**INTRODUCTION**

This Court has ordered the undersigned attorneys – Michael J. Wood, Celetha Chatman, and Sarah Barnes – to show cause as to why they should not be sanctioned for "a deliberate failure to disclose adverse controlling authority to this Court." This Court has identified the controlling authority in question as the Seventh Circuit decision in *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769 (7th Cir. 2007), which forms the primary, if not sole, basis for this Court's dismissal of the plaintiff, Kathleen Taylor's claims against creditor, Client Services, Inc.

By this brief, attorneys Wood and Chatman ask this Court to conclude that the failure to apprise this Court of the *Evory* opinion was not of the deliberate nature that may subject an attorney to discipline under Rule 3.3(a)(2) of the ABA Model Rules of Professional Conduct ("MRPC 3.3(a)(2)")[1] and the identical Rule 3.3(a)(2) of the Illinois Rules of Professional Conduct of 2010

---

[1] As noted by this Court in the Memorandum Opinion and Order of September 12, 2018 [Docket No. 76], per Local Rule 83.50, this District incorporates as its own disciplinary rules the ABA Model Rules and Illinois Rules of

1

("ILRPC 3.3(a)(2)"). Although attorneys Wood and Chatman were made aware of the *Evory* decision after briefing of the motion to dismiss filed by the defendant herein had been fully completed, the undersigned attorneys did not recognize at that time that *Evory* addressed issues relative to the instant litigation. Had this omission occurred to attorney Wood or attorney Chatman at the time, the undersigned would have provided this Court with any appropriate disclosure thereof.

Moreover, because attorneys Wood, Chatman and Barnes acted with no deliberate intent, they should not be subjected to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (FRCP 11) or 28 U.S.C. § 1927 ("Section 1927").

Before addressing the reasons for which attorneys Wood and Chatman did not knowingly fail to disclose the *Evory* opinion to this Court prior to this Court's ruling on the creditor defendant's motion to dismiss, the undersigned attorneys wish to make clear that, although their former colleague, attorney Sarah Barnes, filed an appearance in the captioned litigation on behalf of the plaintiff, she was neither responsible for nor involved in the research, drafting, or review of the plaintiffs' response briefs to the motions to dismiss filed in the instant litigation and in *Bass v. Portfolio Recovery Assocs.*, No. 17-cv-08345 (N.D. Ill). She was not asked to nor did she review the plaintiffs' respective motions to dismiss or reply briefs in either matter. Nor was there any expectation by the undersigned authors of this brief that Ms. Barnes would exercise any degree of professional judgment in connection with the motions to dismiss filed in this matter or in *Bass*.

Simply put, attorney Barnes was a subordinate lawyer acting at the direction of her supervisor, attorney Wood, and had no reason to have become aware of *Evory* via the *Bass* litigation.

---

Professional Conduct under circumstances such as those presented here. Attorneys Wood, Chatman and Barnes do not disagree that the aforementioned rules are applicable to their conduct.

Attorneys Wood and Chatman also take their legal and ethical responsibilities seriously and recognize the critical role that these responsibilities play in our justice system. The undersigned attorneys have no interest in interposing frivolous legal arguments and they have no desire to pursue meritless litigation. As discussed below, had attorneys Wood and Chatman been aware of the *Evory* decision and had they appreciated its bearing on the instant litigation, they would have apprised this Court of the opinion. They should not be sanctioned for what could be characterized as, at its worst, an oversight.

## FACTUAL BACKGROUND

On August 4, 2017, the undersigned attorneys – attorneys Wood and Chatman – filed a complaint on Plaintiff's behalf in this case. (Dkt. #1.) The basis of the claim was allegedly deceptive language that a settlement offer would expire on a date certain, and be deemed null and void at that time, with no obligation for the offer to be made at a future date. Such language had been used in repeated collection letters, after which the offer was remade. Attorneys Wood and Chatman alleged, on Plaintiff's behalf, that Client Services made false threats and did so knowingly.

On September 21, 2018, Defendant filed a motion to dismiss on the basis that settlement offers with expiration dates had been held by several district courts not be neither deceptive nor in violation of the FDCPA. (Dkt. #10.) Defendant did not cite to the *Evory* opinion in its motion to dismiss or the memorandum in support thereof. (Dkt. #10, 11.) Not only did Defendant not cite to the *Evory* opinion, Defendant did not even based its argument for dismissal on inclusion of the "safe harbor" language created by the *Evory* opinion.

Attorneys Wood and Chatman were responsible for researching, preparing and drafting a response to Defendant's motion. As is their practice, attorneys Wood and Chatman pulled every

3

case cited by Defendant in its motion to dismiss. In their response brief filed on Plaintiff's behalf on November 9, 2017, they addressed every case cited by Defendant. They argued that the collection letter at issue in the instant matter went far beyond those in the cases cited by Defendant because Defendant's letter contained more than just an expiration date; it included an explicit (and allegedly false) statement that the offer would be *withdrawn* and *deemed null and void* as of a date certain. (Dkt. #20.) Further, Plaintiff found cases that supported her position, albeit pre-*Evory*. Attorneys Wood and Chatman did not learn of the *Evory* opinion before filing the response brief.

On November 30, 2017, Defendant filed a reply brief in support of its motion to dismiss. (Dkt # 21.) Defendant did not cite to *Evory* in its reply brief. At that time, Attorneys Wood and Chatman were still unaware of the *Evory* opinion.

About two weeks before Defendant herein filed its reply brief in support of its motion to dismiss, on November 17, 2017, the undersigned attorneys had filed a complaint on behalf of Henry Bass in the matter of *Bass v. Portfolio Recovery Associates, LLC*, Case No. 17-cv-08345 (N.D. IL). As this court has noted, the complaint in *Bass* was founded upon similar circumstances as was the complaint in the instant litigation. In *Bass*, the undersigned attorneys complained on Plaintiff's behalf of a settlement offer with an expiration date that was allegedly false; however, in *Bass* the matter did not involved any threat to withdraw the offer or to deem it null and void as of the alleged expiration date as was the case in this matter. As noted above, as of the filing of the *Bass* lawsuit, none of the undersigned attorneys was aware of the *Evory* decision.

On January 10, 2018, the defendant in the *Bass* litigation, Portfolio Recovery Associates (PRA) filed a Motion to Dismiss, where it did cite *Evory*, stating:

> Here, the initial letter contains the exact safe harbor language articulated by the Seventh Circuit in *Evory*. There is nothing else in the initial letter that would lead Plaintiff to believe that the offer stated was a final offer or a one-time offer.

(*Bass*, Dkt. #13 p.4.)

Attorneys Wood and Chatman filed a response to PRA's motion on March 5, 2017, including a brief discussion of the *Evory* opinion and its bearing upon the issues raised in that matter. (*Bass*, Dkt. #13 p.4.) In the response, Attorneys Wood and Chatman did not address what effect, if any, on the court's analysis in *Evory* additional alleged threats of withdrawing the offer or deeming it null and void as of a date certain would have because PRA made no such threats in the letter that formed the basis for the *Bass* case; rather, PRA included only an expiration date in the letter. (*Bass*, Dkt. #13.) After PRA filed a reply brief in support of its motion, the *Bass* court granted PRA's motion and dismissed the *Bass* litigation on August 22, 2018. (*Bass*, Dkt. #29.) The *Bass* court denied PRA's request for the assessment of attorney's fees and costs, concluding that the *Evory* decision provided a safe harbor for claims under § 1692e but did not explicitly create a safe harbor for claims under 1692f and "accordingly, the Court [found] that the conduct by Bass's counsel [did] not reach the level of being unreasonable and vexatious [under 28 U.S.C. § 1927] and decline[d] to award attorneys fees and costs." (*Bass*, Dkt. #29, p.9.)

Attorney Barnes was not asked to review the motion to dismiss in *Bass*. Even after the motion to dismiss was served upon Plaintiff's counsel, the undersigned attorneys understand that she remained unaware of the *Evory* decision. Attorneys Wood and Chatman were responsible for reviewing and responding to the motion to dismiss. As such, attorneys Wood and Chatman first became aware of the *Evory* opinion at some point shortly after January 10, 2018.

Although attorneys Wood and Chatman learned of the *Evory* decision and were made aware of the "safe harbor" that it created in mid-January 2018, they never considered how the *Evory* decision might impact this court's assessment of the issues presented in the instant litigation, including those relative to Defendant's motion to dismiss. In late November 2017, Attorneys Wood and Chatman had put their file relative to the instant matter to the side once briefing had concluded

5

relative to Defendant's motion to dismiss. After learning of the *Evory* decision over two months later, attorneys Wood and Chatman simply never appreciated that the *Evory* decision had a bearing on another matter that they had filed on behalf of another client. Attorneys Wood and Chatman did not return their attention to the instant litigation until the next order was issued in the matter on September 12, 2018, when this Court delivered its Memorandum Opinion and Order in the instant matter.[2]

### RESPONDENTS' POSITION

As noted above, attorney Barnes did not review the motion to dismiss in *Bass* in which the *Evory* decision was cited, did not play any role in briefing the motions to dismiss in the instant case or in *Bass*, and had no responsibility for the handling of either matter. Under the applicable rules, attorney Barnes should bear no potential ethical or legal responsibility for the fact that the undersigned attorneys did not apprise this court of the *Evory* decision before this court ruled upon the Defendant's motion to dismiss.

Although attorneys Wood and Chatman did learn of the *Evory* decision in January 2017, they should also bear no ethical or legal responsibility in connection with the *Evory* decision as they did not knowingly fail or refuse to provide this court with the citation thereto.

Attorneys Wood and Chatman regret not finding the *Evory* case and not bringing it to this Court's attention when it later did learn of the case. Plaintiff's counsel regrets the omission for two reasons. First, because of their duty to raise adverse and relevant authority to the Court; and second, for not having taken the opportunity to address the case. Comparing the subject collection letters in the cases, *Evory* considered a mere expiration date on a settlement offer and held that it was not

---

[2] Plaintiff's prior counsel Sarah Barnes did file a motion to withdraw from the case after leaving the firm [Dkt. #22] but attorneys Wood and Chatman did not review the file at that time or notice their omission of *Evory* from the prior briefing.

misleading to include an expiration date even where the collector was going to reissue the offer. However, the letter in *Taylor* contained more than an expiration date, including an allegedly false threat to withdraw the offer and to deem it null and void. Attorneys Wood and Chatman respectfully submit that the threats present in the *Taylor* letter take it far beyond the letters at issue in *Evory* and *Bass*.

As discussed above, although attorneys Wood and Chatman acknowledge that they learned of the *Evory* decision long before this Court ruled on Defendant's motion to dismiss, they did not knowingly fail to submit the decision to this Court. Under the applicable rules, sanctions could be assessed against attorneys Wood and/or Chatman only if they *knowingly* failed to disclose the *Evory* decision to this Court, if they made a frivolous argument, or if they acted *unreasonably and vexatiously*. MRPC 3.3(a)(2); ILRPC 3.3(a)(2); Fed. R. Civ. P. 11(b)(2); 28 U.S.C.A. § 1927. They did none of these things here.

MRPC 3.3(a)(2) and ILRPC 3.3(a)(2) are identical to one another and provide the following:

> A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.

Model Rules of Prof'l Conduct R. 3.3(a)(2); IL Rules of Prof'l Conduct R. 3.3(a)(2).

FRCP 11(b)(2)[3] provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

---

[3] In Footnote 4 of its Memorandum Opinion and Order of September 12, 2018, this Court referenced FRCP 11(b)(3), which concerns evidentiary support for factual contentions. It appears that the reference was meant to be to subsection (b)(2) of FRCP 11, which relates to legal support for a claim or defense.

Fed. R. Civ. P. 11(b)(2).

> Section 1927 provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
>
> 28 U.S.C.A. § 1927 (West).

The Seventh Circuit has rarely been presented with cases that directly or even indirectly involve the imposition of sanctions pursuant to ILRPC 3.3(a)(2) or MRPC 3.3(a)(2). Those cases that do address sanctions under ILRPC 3.3(a)(2) or MRPC 3.3(a)(2) make clear that the key inquiry in determining whether sanctions are appropriate is the question whether the attorney actually *knew* of the arguably-controlling authority when taking action to advance a claim and yet failed or refused to acknowledge the authority.

In *Foreman v. Wadsworth*, the Seventh Circuit upheld a district court's decision to impose sanctions – although acknowledging that it would not have itself taken the same action – where a plaintiff's attorney had been previously made aware of authority that rendered the defendant immune from potential liability yet filed suit anyway and made no effort to advance an argument that the controlling authority was distinguishable or should be overruled. *Foreman v. Wadsworth*, 844 F.3d 620, 623, 627 (7th Cir. 2016). In that case, Anthony Foreman, a restaurant owner, brought a lawsuit pursuant to 42 U.S.C § 1983 and Illinois tort law wherein he alleged that a state prosecutor and four Rockford police officers conspired to put him out of business by bringing false criminal charges against him. *Id.* at 622. Contrary to settled Supreme Court precedent, the plaintiff's attorney argued the prosecutor should not be entitled to absolute immunity for actions taken in his official capacity. *Id.* Significantly, the plaintiff's attorney admitted that he recognized that a Supreme Court decision – *Imbler v. Pachtman* – was directly on point. *Id.*

8

The district court ordered the plaintiff to show cause as to why his claims against the prosecutor should not be dismissed given the absolute immunity protections afforded him by *Imbler v. Pachtman* as well as the Eleventh Amendment. *Id.* Additionally, because in a previous case Foreman's attorney had raised similar claims against prosecutors that were dismissed for the same reasons, the court ordered the attorney to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(c). *Id.* Shortly thereafter, the prosecutor moved for judgment on the pleadings arguing that the Eleventh Amendment bars Foreman's suit. *Id.* In response, Foreman's attorney conceded that the current law would bar a claim for damages against the prosecutor in his individual capacity, but asserted that he was seeking to change the law. *Id.*

The district court granted the prosecutor's motion for judgment on the pleadings. After Foreman's claims were dismissed, a magistrate judge recommended that Foreman's attorney be publicly censured under Rule 11(c) for advancing frivolous claims without offering any argument or authority that support a change in the law as he so stated in his response. *Id.* at 623. The attorney objected to the magistrate judge's recommendation and explained that he had not presented his argument for overturning *Imbler* because doing so would have been futile as the same district judge rejected his same argument in an earlier case. *Id.* The attorney attached to his written objection a portion of the brief that he had previously filed, wherein he presented the argument for overturning *Imbler*. *Id.*

Nevertheless, the district court adopted the magistrate judge's recommendation and sanctioned the attorney, noting that the attorney "did not argue for a change in the law until after he was faced with a recommendation of censure" and that the court was "'not persuaded by counsel's last-minute effort to salvage the unsupported claims.'" *Id.* The attorney appealed the

9

district court's decision (which included an entry of summary judgment in favor of the police officers). *Id.* at 624.

The Seventh Circuit determined that the district court's initial order for rule to show cause was premature. *Id.* at 625. While the attorney has a duty of candor to the court, which includes a duty to disclose controlling legal precedent adverse to his position pursuant to Model Rules of Professional Conduct 3.3(a)(2), he is not required to "anticipate and respond to" affirmative defenses within the complaint itself. *Id.*

However, the district court's order for a rule to show cause put the attorney on notice of the need to present an argument for overturning *Imbler*. Only after the magistrate judge recommended sanctions did the attorney make such an argument. *Id.* It is of no consequence, the court reasoned, that the attorney believed presenting the argument would prove futile, as he was still required to present to the district court his argument regarding changing the law rather than raising it for the first time on appeal. *Id.* Because Rule 11 sanctions are soundly within the district court's discretion, the district court did not err or abuse its discretion when it imposed sanctions against this attorney. *Id.*

Although the Seventh Circuit upheld the imposition of sanctions in *Foreman*, the court's opinion is instructive as it demonstrates that it was the attorney's actual knowledge of the controlling precedent when he filed suit combined with his subsequent failure to take action to address the controlling precedent that subjected the attorney to sanctions. Unlike the plaintiff's attorney in *Foreman*, attorneys Wood and Chatman were not aware of the *Evory* decision when they filed the instant litigation. They were also not aware of the *Evory* decision when they affirmatively argued in support of their client's claims via a response to the Defendant's motion to

10

dismiss. Had they known of the *Evory* decision and taken affirmative actions contrary to established precedent, sanctions might be appropriate. But they did not do so.

Here, attorneys Wood and Chatman took no affirmative actions to prosecute the instant litigation after they learned of *Evory*. As discussed above, by the time they learned of the *Evory* decision in connection with the litigation of the *Bass* case, briefing on Defendant's motion to dismiss in the instant case had closed. The undersigned attorneys simply did not appreciate that the Evory opinion might have a bearing on another case that they had filed and for which a motion to dismiss was fully briefed and awaiting a ruling.

Had the undersigned attorneys recognized that *Evory* had a bearing on the instant litigation, they would have responded appropriately. They would have done so not only because of their ethical responsibilities, but in an effort to best posture their client's case before this court. Attorney Wood, having externed for a federal judge, understands that judges and law clerks do not simply rely upon the authorities raised by the parties, but perform their own research. Had the undersigned attorneys appreciated Evory's application to the facts of the case at bar, they would have alerted this Court to its existence to avoid this Court discovering and applying *Evory* in ruling on a motion to dismiss without themselves having any opportunity to distinguish the *Evory* opinion.

Not only are sanctions inappropriate under MRPC 3.3(a)(2) and ILRPC 3.3(a)(2) where the attorney did not *knowingly* fail to apprise a court of a known controlling authority, sanctions are not appropriate under Rule 11 where theory of recovery is not directly contrary to controlling law. *Thompson v. Duke*, 940 F.2d 192, 196 (7th Cir. 1991).

In *Thompson v. Duke*, the plaintiff's attorney filed suit against a municipality although a decision – *Baker v. McCollan* – arguably foreclosed such allegations under similar circumstances. *Id.* at 194. The plaintiff's attorney failed to cite the *McCollan* decision in responding to the

defendant's motion for summary judgment and the court granted summary judgment in reliance upon the decision. *Id.* at 194, 197-98. The district court ultimately assessed sanctions upon the plaintiff's attorney under Rule 11, concluding that he had pursued a claim not supported by existing law. *Id*. The appellate court disagreed and reversed the imposition of sanctions. *Id.* at 193.

Although the procedural scenario presented in *Thompson* differs from that at bar in that the defendant in *Thompson* had cited to the *McCollan* decision in its dispositive motion where Defendant herein did not cite to *Evory* in its motion to dismiss, the appellate court's assessment of the plaintiff's attorney's actions there is instructive. In *Thompson*, the court noted that although it may constitute "poor advocacy," "[t]he failure to cite relevant authority, whether it be case law or statutory provisions, does not alone justify the imposition of sanctions." *Id.* at 198 (quoting *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir.1990)). The court pointed out that the plaintiff's failure to respond to the defendant's position relative to *McCollan* "did not mislead the court." *Id.*

Here, as did the plaintiff's attorney in *Thompson*, the undersigned attorneys did not address a decision that the court has since concluded is dispositive as to Plaintiff's claims. Unlike the plaintiff's attorney in *Thompson*, the undersigned attorneys did not cite to the arguably-controlling decision because they were not aware of it when they filed the instant lawsuit and when they responded to the Defendant's motion to dismiss. Sanctions were not appropriate in *Thompson* because the court concluded that the plaintiff's attorney acted in good faith, although in a "vague and inept" manner, when he responded to the motion to dismiss without citing to *McCollan*. *Id.* at 198. Here, the undersigned attorneys also acted in good faith, and so should not be subject to sanctions under Rule 11.

We would be remiss were we not to mention that the appellate court in *Thompson* concluded that had *McCollan* been a clearly "*controlling* authority," the failure to cite to it may

12

have justified the imposition of sanctions, however, the plaintiff's attorney eventually made an effort to distinguish the *McCollan* case and did so in good faith. *Id.* at 198. In this case, the undersigned attorneys have made no attempt to distinguish *Evory*, but the mere fact that they have not attempted to do so does not mean that they *cannot* do so. Rather, they have not done so for the reasons discussed throughout this brief – they were simply unaware of *Evory*'s bearing on the instant case until receiving this Court's order dismissing their client's claims. Had the undersigned attorneys been aware of *Evory*, they would have taken the opportunity to articulate how, in their view, that their client's claims can be reconciled with *Evory*.

The undersigned attorneys regret not finding the *Evory* case and not bringing it to the Court's attention when attorneys Wood and Chatman did subsequently learn of the case. Nonetheless, as discussed above, under the controlling authorities here, the undersigned attorneys should not be subjected to sanctions for what was, at worst, an oversight.

## CONCLUSION

WHEREFORE, the undersigned attorneys respectfully request that this Court assess no sanctions against them.

Respectfully submitted,

By: */s/Celetha C. Chatman*
Celetha C. Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
cchatman@communitylawyersgroup.com

*/s/ Michael J. Wood*
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
mwood@communitylawyersgroup.com

13

## **CERTIFICATE OF SERVICE**

  I, Celetha Chatman, an attorney, hereby certify that on October 10, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: October 10, 2018**                 Respectfully submitted,

                           By: /s/ *Celetha Chatman*