IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-05704 |
| | ) | |
| vs. | ) | Hon. John J. Tharp, Jr. |
| | ) | |
| CLIENT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**SARAH BARNES' RESPONSE TO RULE TO SHOW CAUSE AND PARTIAL JOINDER TO MICHAEL WOOD AND CELETHA CHATMAN'S RESPONSE TO <u>RULE TO SHOW CAUSE</u>**

I, Sarah Barnes, the undersigned attorney, hereby submit my Response to the Rule to Show Cause issued by the Court on September 12, 2018 (ECF No. 25), and join, in part, the Response to Rule to Show Cause submitted by attorney Michael Wood and Celetha Chatman:

I began my employment at Community Lawyers Group ("CLG") on August 14, 2017 as an associate attorney with the firm. My employment with CLG ended on May 7, 2018, when I accepted an associate position with my current law firm. On July 11, 2018, I filed a Motion to Withdraw as Counsel for Plaintiff Kathleen Taylor, which was granted by this Court without an appearance on July 12, 2018. (ECF No. 24). I have been employed with the new law firm since May 14, 2018, and I primarily practice in estate planning, estate administration, and trust dispute litigation. As I am no longer employed by CLG, I write separately from attorneys Michael Wood and Celetha Chatman, only to address my individual involvement with this matter, and *Bass v. Portfolio Recovery Associates, LLC*, referenced in the Court's Order of September 12, 2018, and to join in part Attorney Wood and Chatman's Response, as it relates to my role in these matters.

1

Based on the record, and as referenced in Mr. Wood and Ms. Chatman's Response, Plaintiff Kathleen Taylor's Complaint was filed on August 4, 2017, ten days before my employment with CLG began. On September 21, 2017, Client Services filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and supporting Memorandum of Law (ECF Nos. 10, 11), which was noticed for presentment on October 5, 2017. Based on my review of the CM/ECF e-mail notification from October 5, 2017, I filed my appearance on behalf of Plaintiff Taylor shortly before the scheduled court time that morning, for the sole purpose of appearing in court because Mr. Wood and Ms. Chatman were unavailable.

The extent of my involvement with the Taylor case was my appearance on the morning of October 5, 2017. For a motion presentment court date, I would have been instructed to request and agree to a briefing schedule, allowing time for Plaintiff to draft and file a response to the motion to dismiss. I concur with the representations made in Attorney Wood and Chatman's Response regarding my involvement, or lack thereof, in the *Taylor* matter, as I was not involved in the preparation or drafting of Plaintiff's response to Client Services' motion to dismiss, nor did I conduct research for or review Plaintiff's response. I also did not sign or submit Plaintiff Taylor's Response to Motion to Dismiss. At no time did I knowingly or deliberately fail to advise or otherwise conceal to this Court the Seventh Circuit holding in *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007) in violation of Rule 3.3(a)(2) of the ABA Model Rules of Professional Conduct and the identical Rule 3.3(a)(2) of the Illinois Rules of Professional Conduct of 2010.

The Court's Rule to Show Cause also references *Bass v. Portfolio Recovery Associates, LLC* ("Bass"). The Complaint in *Bass* was dismissed with prejudice by Judge Andrea R. Wood on August 22, 2018. Portfolio Recovery Associates, LLC ("PRA")'s Motion to Dismiss in *Bass*

was filed on January 10, 2018 based on the holding in *Evory*. I did not have an appearance filed in *Bass* and was never counsel of record at any point in the *Bass* case. As such, I did not receive notice of PRA' Motion to Dismiss via CM/ECF when it was filed.[1] I further concur with Attorney Wood and Chatman's representations that I was not asked to, and did not assist in the drafting, review or filing of Plaintiff's Response in *Bass* on March 5, 2018. I recognize the importance of my legal and ethical obligations as a practicing attorney, and I take these obligations seriously. At no time did I knowingly or deliberately fail to advise or otherwise conceal to this Court the holding in *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769 (7th Cir. 2007).

WHEREFORE, I, Sarah Barnes, the undersigned attorney, respectfully request that this Court find that my conduct in connection with this matter did not violate Federal Rule of Civil Procedure 11, and therefore assess no sanctions against me in connection with this matter.

Respectfully submitted,

/s/Sarah M. Barnes
Sarah M. Barnes

Sarah M. Barnes
Lesser Lutrey Pasquesi & Howe, LLP
191 E Deerpath Rd., Suite 300
Chicago, IL 60045
Ph: (847) 295-8800
barnes@llphlegal.com

---

[1] The Certificate of Service attached to PRA's Motion to Dismiss Plaintiff's Complaint (ECF No. 12) and Memorandum of Law in support thereof (ECF No. 13) mistakenly state that service was made via CM/ECF on Sarah Barnes and Holly McCurdy as counsel for plaintiff. Neither Sarah Barnes nor Holly McCurdy had filed appearances in *Bass v. Portfolio Recovery Associates, LLC* on January 10, 2018.

## **CERTIFICATE OF SERVICE**

  I, an attorney, hereby certify that on October 10, 2018, I caused to be electronically filed the foregoing **SARAH BARNES' RESPONSE TO RULE TO SHOW CAUSE AND PARTIAL JOINDER TO MICHAEL WOOD AND CELETHA CHATMAN'S RESPONSE TO RULE TO SHOW CAUSE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                /s/Sarah M. Barnes
                Sarah M. Barnes